UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KARL AHLERS,

          Plaintiff,

- against -

ELLIOT SPITZER, Ex-Governor, New York State; DAVID A. PATTERSON, Governor, New York State; ANTHONY G. ELLIS, Former Executive Director, New York State Division of Parole; HENRY LEMONS, Executive Director, New York State Division of Parole; MICHAEL F. HOGAN, Commissioner, New York State Office of Mental Health; RICHARD MIRAGLIA, Associate Commissioner, New York State Office of Mental Health,

          Defendants.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

09 Civ. 10006 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

      For the reasons discussed below, defendants' motion to dismiss Karl Ahlers' pro se Complaint is granted.

## II. BACKGROUND

Ahlers[1] was incarcerated from 1982 to 2005 for multiple sex offenses.[2] Upon his release from state prison, Ahlers was civilly committed to a psychiatric facility pursuant to an executive order of then-Governor George Pataki.[3] In 2007, the New York State Legislature enacted Article 10 of the Mental Hygiene Law ("MHL").[4] Article 10 requires sex offenders nearing release from prison to undergo review to determine whether they have a "mental abnormality" that predisposes them to reoffend.[5] If the sex offender is found to have a mental abnormality, a court must then determine whether to require inpatient confinement and treatment or release subject to "strict and intensive supervision and treatment" ("SIST").[6] On May 26, 2009, a New York Supreme Court ordered Ahlers confined

---

[1] The pro se plaintiff's initial filing contained both a Complaint ("Compl.") and a Memorandum of Law in Support of Complaint ("Pl. Mem."). As they are paginated separately, I cite them separately, but otherwise treat them as integrated.

[2] See Pl. Mem. at 1; Inmate Information for Karl Ahlers, Ex. A to Declaration of Joshua Pepper, Assistant Attorney General, in Support of Motion to Dismiss ("Pepper Decl.").

[3] See Compl. at 5.

[4] See id.

[5] See id; N.Y. Mental Hyg. Law § 10.07 (2007).

[6] See Pl. Mem. at 2; N.Y. Mental Hyg. Law §§ 10.07, 10.11.

in a secure facility for treatment.[7]

A court determines when and if an offender may be released into SIST, and under what conditions.[8] Some conditions are mandatory and imposed on every offender, others are "Special Conditions" and apply only to some.[9] One "Special Condition" requires the sex offender to consent to the inspection of his computers, including all data and images on the hard drive, disks and any other storage devices, by his Parole officers. Ahlers maintains that this condition is unconstitutional.[10] Failure to comply with the conditions of the SIST regime can result in further confinement.[11]

In this civil rights suit, Ahlers alleges that the defendants, all New York State officials with some responsibility for enforcing or administering the MHL, will violate his Fourth Amendment rights.[12] He argues that upon release

---

[7] *See* Pl. Mem. at 1.

[8] *See id*; N.Y. Mental Hyg. Law § 10.09(h).

[9] *See* N.Y. Mental Hyg. Law § 10.11; Declaration of Mary Osborne, Assistant Deputy Director of Parole Operations, Sex Offender Management Unit, New York State Division of Parole, in Support of Motion to Dismiss ("Osborne Decl."), ¶ 11.

[10] *See* Pl. Mem. at 3-4;

[11] *See id*. at 2; N.Y. Mental Hyg. Law § 10.11(d).

[12] *See* Pl. Mem. at 2-4. The Complaint misidentifies Henry Lemons as the Executive Director of the Division of Parole of the State of New York. The

into SIST, he will have to choose between maintaining his freedom and consenting to searches he maintains are unconstitutional.[13]

Defendants now seek dismissal under Rules 12(b)(1) and 12(b)(6).[14]

## III. DISCUSSION

Because this suit does not present a justiciable case or controversy, it must be dismissed under Rule 12(b)(1).[15] I therefore do not reach defendants' Rule 12(b)(6) arguments.

Ahlers does not challenge the constitutionality of his civil commitment. Nor could he, as the United States Supreme Court has held that the civil confinement of sex offenders who remain dangerous due to mental abnormality is constitutional.[16] Ahlers claims that when he is released into SIST,

---

current chief executive officer of the Parole Division is Andrea W. Evans. *See* https://www.parole.state.ny.us/. Further, a review of the docket sheet indicates that no process has been served on either Elliot Spitzer or Anthony G. Ellis.

[13] *See* Pl. Mem. at 10.

[14] Rule 12(b)(1) provides for dismissal of a claim when the federal court "lack[s] . . . jurisdiction over the subject matter." Rule 12(b)(6) allows for dismissal where the pleading does not allege "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

[15] *See Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) (noting that Rule 12(b)(1) is the "proper procedural route" for a challenge to justiciability).

[16] *See Kansas. v. Hendricks*, 521 U.S. 346, 368-70 (1997).

he will be required to consent to searches he claims are unconstitutional.[17] Though Ahlers seems to consider it a forgone conclusion that he will be released into SIST, the MHL makes clear that he is merely entitled to review of his continued confinement.[18] Similarly, it is uncertain whether if and when Ahlers is released he will be subject to the "Special Condition" about which he complains.[19]

These speculative claims do not present a justiciable Article III case or controversy. To have standing, a plaintiff must allege injury that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical."[20] Further, "[a] claim is not ripe for adjudication if it rests upon contingent future

---

[17] *See, e.g.*, Pl. Mem. at 10. In considering a motion to dismiss for lack of subject matter jurisdiction, the court must assume the truth of the material factual allegations contained in a complaint. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).

[18] *See* N.Y. Mental Hyg. Law § 10.09(h). Indeed, the court order confining Ahlers to a secure treatment facility notes that though he "could be eligible for SIST release as early as his next annual release," whether he receives SIST depends upon his success during inpatient treatment. Dispositional Hearing Decision and Order, Ex. B to Pepper Decl. at 19.

[19] *See* Osborne Decl., ¶ 11.

[20] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations omitted).

events that may not occur as anticipated, or indeed may not occur at all."[21]

Ahlers does not and cannot know when, if ever, he will be released into SIST, or whether the condition of which he complains will even be imposed. Thus he does not present a justiciable case or controversy at this time.

### IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, and Ahler's claims are dismissed. The Clerk of Court is directed to close this motion [Document #4] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   June 24, 2010
         New York, New York

---

[21] *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted).

## - Appearances -

**Plaintiff (Pro Se):**

Karl Ahlers
# 30561656
Central New York Psychiatric Center
P.O.Box 300
Marcy, NY 13403-0300

**For Defendants:**

Joshua Benjamin Pepper
Assistant Attorney General
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
(212) 416-8567